IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JAMES E. ROLLINS, SR.,**
No. 07049-025,

       **Petitioner/Defendant,**        Civil No. 11-cv-381-DRH

vs.                                         Criminal No. 05-cr-30133-DRH-004

**UNITED STATES of AMERICA ,**

       **Respondent/Plaintiff.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

      This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.  On February 13, 2007, after a jury trial with several co-defendants, petitioner was found guilty of one count of conspiracy to manufacture, distribute, and possess with intent to distribute cocaine and cocaine base; and one count of distribution of cocaine base, in violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  On July 11, 2007, petitioner was sentenced to concurrent terms of 97 months imprisonment on each count, plus four years supervised release, and was ordered to pay a fine of $1,000 and a special assessment of $200.

      In his direct appeal, petitioner raised the following issues: (1) The trial court improperly allowed an agent of the Drug Enforcement Agency to testify regarding his "impressions" of the meaning of code words in telephone conversations between the

co-conspirators; (2) The evidence was insufficient to show that petitioner carried, brandished, or used the gun found in his home in furtherance of the conspiracy, thus it should not have been used to enhance his offense level; and (3) The trial court erred in denying his motion for judgment of acquittal because the evidence was insufficient to support his conviction. Petitioner's conviction and sentence were affirmed on direct appeal. *United States v. Rollins*, 544 F.3d 820 (7th Cir. 2008) (consolidated with appeal of co-defendant Rudy Slack, Case No. 07-2930). Petitioner's application for a writ of certiorari to the Supreme Court of the United States was denied. *Rollins v. United States*, 130 S. Ct. 3343 (2010).

Subsequent to his direct appeal, petitioner filed various *pro se* motions seeking to raise other challenges to his conviction and sentence, and filed three additional appeals from the dismissals or denials of those motions (*See* Docs. 545, 701, 706, 745, 746, and 749 in *United States v. Rollins*, Case No. 05-cr-30133-DRH-004). Ultimately, on February 23, 2011, this Court granted petitioner's request to dismiss his motions from the criminal case and file them in a new case under 28 U.S.C. § 2255.

In the instant § 2255 motion, filed May 9, 2011, petitioner raises nine grounds for relief: (1) Trial counsel denied petitioner his right to testify in his own defense; (2) The prosecution improperly failed to provide petitioner with grand jury transcripts needed for impeachment of an adverse witness (McGarry); (3) Witness McGarry presented false testimony to the grand jury; (4) Trial counsel denied petitioner his right to present a defense when he failed to subject the government's

case to meaningful adversarial testing or present a case in chief; (5) The case against petitioner was not properly brought because no indictment was presented in open court; (6) Trial counsel was ineffective for failing to move to suppress the gun found in petitioner's residence or objecting to its introduction as evidence; (7) The second $100 assessment imposed on petitioner as part of his sentence violates the Double Jeopardy Clause; (8) The increased sentence due to possession of a firearm was based on false and unreliable information; and (9) Trial counsel was ineffective for failing to argue at sentencing that petitioner did not possess or use the gun during the time of the conspiracy.

The Court **ORDERS** the government to file a response to petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. The government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

Signed this 9th day of November, 2011.

**Chief Judge
United States District Court**